HENRICH v. MURRAY.

(Common Pleas of New York City and County, General Term.  April 1, 1895.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    A judgment on conflicting evidence will not be disturbed where there is sufficient evidence to sustain it.

Appeal from Fifth district court.

Action by Bernard Henrich against Peter Murray.   From a judgment in favor of defendant, rendered by the justice without a jury, plaintiff appeals.    Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Sproull, Harner & Sproull, for appellant.
Jacob Levi, for respondent.

GIEGERICH, J. This action was brought to recover a balance alleged to be due for work, labor, and services in taking down the buildings known as Nos. 64 to 70 Jackson street, in the city of New York. The complaint in writing alleges that between the 3d day of May, 1894, and the 31st day of May, 1894, plaintiff, at the request of defendant, performed certain work, labor, and services in taking down the buildings in question; that the defendant promised and agreed to pay him therefor the sum of $105; and that no part thereof has been paid, except the sum of $50, leaving a balance of $55, for which judgment is demanded. Upon the trial the complaint was amended by adding thereto, "Materials inside the buildings, except the brick." The defendant by his answer admitted that he entered into an agreement with the plaintiff wherein and whereby the latter was to render and perform certain work, labor, and services, for which he was to receive the sum of $105, and that before the completion of the work required to be done by said contract the defendant paid to the plaintiff, on account thereof, the sum of $50. For a further and separate and counter claim the defendant alleged that at or about the time referred to in the complaint the parties litigant contracted that the plaintiff should remove the buildings referred to, and receive therefor as compensation the sum of $105, together with the building materials used therein, save and except the brick; that, with respect to said brick, the plaintiff agreed to remove the same in a careful, clean, and workmanlike manner, to clean said brick, and to pile the same in front of the premises in question; that the plaintiff failed to remove the brick in the manner required by said contract, and that by reason of his carelessness and negligence therein the defendant lost 35,000 bricks, and suffered and sustained other damage, aggregating in all the sum of $90. As to plaintiff's actual negligence in removing the brick, and as to the amount of brick damaged by reason thereof, the testimony was in material conflict; but sufficient evidence appears to support the justice's determination in favor of the defendant, allowing a set-off in extinguishment of plaintiff's claim, which was admitted by the failure of the defendant to deny that portion of the plaintiff's complaint. The defendant, when called as a witness, testified that to his own knowledge about 30,000 bricks were thus lost to him, and, computing their value in accordance with the testimony adduced in that regard, the justice was well authorized to find that the amount of defendant's damage availed as a set-off to the claim in suit. The defendant's exceptions taken to the rulings on the trial are, in our opinion, without merit; and for the foregoing reasons we think the judgment should be affirmed, with costs.